TAM:JJC:dlm

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORDERO CANDIDO, | : | NO. 3:CV-06-0490 |
| Plaintiff | : | |
| | : | (Munley, J.) |
| v. | : | (Mannion, M.J.) |
| | : | |
| KAREN F. HOGSTEN, et al., | : | |
| Defendants | : | Filed Electronically |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants Karen Hogsten, Warden; Kathie Clouser, Correctional Officer, and James Hepner, Lieutenant, by and through their counsel, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and Jennifer J. Clark, Assistant United States Attorney, who hereby file this brief in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56(b).

## I. Procedural History

Plaintiff, Cordero Candido filed this Bivens[1] action on March 7, 2006, alleging that staff at Allenwood Federal Correction Institution, White Deer, Pennsylvania 17887 ("FCI Allenwood"), denied him medical care, access to the law library, razors, hair cuts, recreation time, timely receipt of his personal mail, and sleep, while housed in the Special Housing Unit ("SHU"). Candido further alleges that he was harassed and threatened by staff, and that his ability to file grievances was "impeded" by "ordering institutional of disciplinary proceeding" [sic] against him. Compl., p.3.

Defendants moved the Court for summary judgment on August 21, 2006, and file the instant brief in support of that motion.[2]

## II. Statement of Facts

The Bureau of Prisons ("BOP") has an administrative remedy process which must be exhausted before an inmate can bring an action in federal court. See 28 C.F.R. § 542 et seq; Ex. 1, ¶4. This administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. See 28 C.F.R. § 542.10; Ex. 1, ¶4.

---

[1] Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (U.S.N.Y., 1971). It is the claim against federal officers that is the counterpart to a claim against state officers under 28 U.S.C. § 1983.

[2] Defendants reserve the right to move the Court for summary judgment on the merits of the case in the event the Court denies the instant motion.

In order to exhaust appeals under the administrative remedy process, an inmate must first raise his complaint with his unit team through an informal resolution attempt. See 28 C.F.R. § 542.13; Ex. 1, ¶5. If the concern is not informally resolved, the inmate may file an appeal to the Warden of the institution where he is confined. See id. He may then further appeal an adverse decision to the Regional Director and the Central Office of the Federal Bureau of Prisons. See 28 C.F.R. § 542.15; Ex. 1, ¶5. No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the Bureau of Prisons' Central Office. See id. If the appeal is denied by the Central Office, the inmate may then file a civil action with the appropriate United States District Court. See id.

If the inmate reasonably believes the issue is sensitive and that the inmate's safety or well-being may be jeopardized if the grievance became known at the institution, he may submit the request directly to the appropriate Regional Director. See 28 C.F.R. § 542.14(d)(1); ex. 1, ¶6.

For appeals of Discipline Hearing Officer ("DHO") decisions, the inmate must file the appeal initially to the appropriate Regional Director. See 28 C.F.R. § 542.14(d)(2); Ex. 1, ¶7.

In the ordinary course of business, a computerized index of all formal administrative requests and appeals filed by inmates is maintained in the BOP's

computerized database so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue. Ex. 1, ¶8.

All administrative remedies, whether accepted or rejected, are entered into the BOP's computerized database. Ex. 1, ¶9. However, actual copies of rejected administrative remedies are not maintained. See id.

A review of records shows that Candido has not completed the administrative grievance process concerning any matter alleged in the complaint. Ex. 1, ¶10.

On the face of his complaint, Candido admitted that he did not complete the administrative grievance process. Comp., p. 1; Ex. 1, ¶11. Later in his complaint, Candido appears to allege that Defendant Hogsten impeded his ability to file a complaint by ordering institution disciplinary procedures against him that somehow hindered his ability to file. See id. However, this allegation is unsupported.

Candido filed 55 administrative remedies. Fifty-four of these were filed at FCI Allenwood. Ex. 1, ¶12, Attach. 2. However, of the 55 administrative remedies, Candido exhausted only seven. See id. None of the seven exhausted remedies addressed any of the issues raised in this complaint. See id.

However, a review of Candido's records show that Candido did file some administrative remedies that relate to the issues in his complaint. Ex. 1, ¶14; Attach. 3. Candido filed administrative remedy number 397068-F1 on December 6, 2005, complaining of inadequate health care. See id. This administrative remedy was

closed and denied by the institution Warden on January 5, 2006. See id. No other remedies have been filed regarding this issue. See id.

On January 19, 2006, Candido filed administrative remedy number 400915-F1, in which he complained that he was harassed by an officer. Ex. 1, ¶16, Attach. 4. On February 27, 2006, this administrative remedy was closed and denied by the institution Warden. See id.

On March 7, 2006, Candido appealed the Warden's denial of administrative remedy number 400915-F1 to the Regional Office level. Ex. 1, ¶17, Attach. 2. On this same date, this appeal was rejected because Candido failed to provide the required number of copies. See id. On May 22, 2006, Candido attempted to file an appeal at the Central Office level; however, on May 24, 2006, this appeal was rejected because Candido failed to abide by the instructions provided in his appeal at the Regional Office level. See id.

On May 30, 2006, Candido filed administrative remedy number 415019-R1 appealing the May 4, 2006, DHO sanctions for a violation of Code 313. Ex. 1, ¶18, Attach. 10. This administrative remedy was closed and denied on June 29, 2006. See id. On July 25, 2006, Candido filed an appeal at the Central Office level. See id. This appeal was accepted on July 31, 2006, and it remains open. Ex. 1, ¶18, Attach. 2.

## III. Question Presented

Should Summary Judgment Be Granted in Favor of Defendants Because Candido Failed to Exhaust Available Administrative Remedies?

Suggested Answer in the Affirmative.

## IV. Argument

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also Saldana v. Kmart Corp., 260 F.3d 228, 231-232 (3d Cir. 2001). A material fact is defined as one that will affect the outcome of the case under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party." Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 ( 1992)(citing White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988)).

When deciding a motion for summary judgment, the court does not weigh the evidence for the truth of the matter, but simply determines "whether there is a genuine issue for trial." Schnall v. Amboy Nat. Bank, 279 F.3d 205, 209 (3d Cir. 2002)(citing Anderson, 477 U.S. at 249). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

> "Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must 'go beyond the pleadings and by [its] own affidavits, or by the deposition, answer to interrogatories, and admissions on file, and designate specified facts showing that there is a genuine issue for trial.'"

Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 365 (M.D.Pa. 2001)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322-23. Further, an opposing party cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit. Liberty Lobby, 477 U.S. at 256-57.

A careful review of Bureau of Prisons's records indicates that Candido failed to exhaust the required BOP administrative remedy process regarding the issues he raises in his complaint. Ex.1, ¶10. Because all claims filed by federal inmates must be properly exhausted prior to filing suit in District Court, Candido's claims should be dismissed in their entirety.

Title 42 U.S.C. § 1997e(a) provides that "no action shall be brought with respect to prison conditions under section 1983 or any other federal law . . . until such administrative remedies as are available are exhausted." Exhaustion of available administrative remedies is a mandatory prerequisite for an inmate to initiate a federal

7

lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001) (discussing the effects of § 1997e(a)); see also Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (noting that exhaustion must take place *before* the inmate initiates his suit in federal court). The requirement is mandatory, regardless of the relief that the administrative process would provide, Booth, 532 U.S. at 739, and regardless of the nature of the claims. See Woodford v. Ngo,126 S. Ct. 2378, 2382 (June 22, 2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).

The Third Circuit explicitly held that the exhaustion requirement of § 1997e includes a procedural default component. Spruill v. Gillis, 372 F.3d 218 at 228-230 (3d Cir. 2004). The court explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. . . . Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Spruill, 372 F.3d at 230. Having concluded that the PLRA includes a procedural default component, the court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, and he would now be barred under the prison's policy from again presenting his claim, then he has procedurally defaulted his claim for purposes of § 1997(e)(a).[3] Id. at 231-32.

Moreover, the exhaustion requirement is not satisfied if an inmate files an action in district court prior to completing the administrative process. See Oriakhi v. United States, 165 Fed. Appx. 991, 2006 WL 314462 (3d Cir. 2006)(attached hereto in accordance with Local Rule 7.8(a)) (citing Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) and Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir. 2000)).

As detailed in the statement of facts above, Candido has not completed the administrative grievance process concerning any matter alleged in the complaint and, therefore, has failed to exhaust the administrative remedies process. Ex. 1, ¶10. Consequently, Defendants are entitled to judgment as a matter of law.

---

[3] There is no "futility" exception to the § 1997e's administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 78). It is not enough for a prisoner to establish that "there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal) . . . ." Spruill, 372 F.3d at 227-28. Rather, the inmate must "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id. at 228.

Candido admitted in his complaint that he did not complete the administrative grievance process. Comp., p. 1. Candido filed 55 administrative remedies, but only exhausted seven remedies. Ex. 1, ¶13. Of the seven remedies, none addressed any of the issues raised in his complaint. See id.

Candido is obviously aware of the administrative remedy process as he completed the first two levels by filing a BP-8 and BP-9 in remedy 397068, complaining of inadequate health care. Ex. 1, ¶14, Attach. 3. No other remedies were filed regarding this issue, therefore it is unexhausted. Ex. 1, ¶15. Oriakhi v. United States, 165 Fed. Appx. 991, 2006 WL 314462 (3d Cir. 2006)(copy attached).

Administrative remedy number 400915, in which Candido complains he was harassed by an officer, was closed and denied by the warden. Ex. 1, ¶16, Attach. 4. However, on appeal, the Regional Office rejected the remedy because Candido failed to provide the required number of copies. Ex. 1, ¶17, Attach. 2. Further, on appeal, the Central Office rejected the remedy because Candido failed to abide by the instructions provided in his appeal at the Regional Office level. See id. This set of remedies is also unexhausted for procedural default, and all claims relating thereto should be dismissed. See Spruill, 372 F.3d at 230.

In administrative remedy number 415019, wherein Candido appealed the DHO sanction for a violation of Code 313, was closed and denied. Ex. 1, ¶18, Attach. 10. Candido filed an appeal at the Central Office level and it was accepted, and remains open as of this date. Ex. 1, ¶18, Attach. 2. Consequently, this remedy is also

10

considered unexhausted under both Oriakhi (165 Fed. Appx. 991) and Spruill (372 F.3d at 230).

Having failed to exhaust his administrative remedies, Defendants are entitled to summary judgment.

## V.  CONCLUSION

Wherefore, in light of the foregoing, Defendants are entitled to summary judgment.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


s/ Jennifer J. Clark
JENNIFER J. CLARK
Assistant U.S. Attorney
Atty. I.D. No. PA 82294
DAWN L. MAYKO
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108
Phone:  717-221-4482

Date: September 15, 2006        Fax: 717-221-2246

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CORDERO CANDIDO, | : | NO. 3:CV-06-0490 |
| Plaintiff | : | |
| | : | (Munley, J.) |
| v. | : | (Mannion, M.J.) |
| | : | |
| KAREN F. HOGSTEN, et al., | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on September 15, 2006, she served a copy of the attached

**BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Cordero Candido
Reg. No. 61149-053
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

                                                     s/ Dawn L. Mayko
                                                   DAWN L. MAYKO
                                                   Paralegal Specialist