**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORDERO CANDIDO,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:06-0490 |
| v. | : | (MUNLEY, D.J.) |
| | | (MANNION, M.J.) |
| **KAREN F. HOGSTEN, K. CLOUSER, & LT. J. HEPNER,** | : | |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION

Before the court is the defendants' motion for summary judgment. For the following reasons, the court recommends that the motion be granted and the plaintiff's complaint be dismissed for failure to exhaust administrative remedies.

## I.   Procedural History

The plaintiff, formerly an inmate at the Federal Correctional Institution at Allenwood, Pennsylvania, ("FCI-Allenwood"), commenced the instant action on March 7, 2006, by filing a complaint pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the warden and two correctional officers of FCI Allenwood.  (Doc. No. 1.)  He alleges that the defendants harassed him, threatened him, and deprived him of sleep.  He further alleges that they denied him access to his mail, the law library, haircuts, razors, recreation, and medical attention. He contends that when he has attempted to file grievances over the alleged abuses, the

defendants frustrated him by bringing disciplinary proceedings against him.

After discovery, the defendants moved for summary judgment on August 21, 2006, and submitted a brief in support of the motion, with exhibits, on September 15, 2006.  (Doc. Nos. 44 & 60.)  They contend that the plaintiff failed to exhaust the administrative remedies process as required by law before bringing suit.  In opposition, the plaintiff filed a memorandum in support of his case, referencing previously submitted exhibits, on August 28, 2006, a memorandum in support of his case, with exhibits, and a declaration, referencing previously submitted exhibits, on September 15, 2006, and a brief in opposition, referencing previously submitted exhibits, on November 13, 2006.  (Doc. Nos. 48, 58, 59, & 66.)  He contends that he could not exhaust administrative remedies because the defendants impeded him through threats and administrative charges.

The matter having been briefed, it is ripe for disposition.  The court has jurisdiction under 28 U.S.C. § 1331.

**II.     Standard of Review**

Summary judgment is appropriate when the pleadings and any supporting materials show that there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); see Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  Federal Rule of Civil Procedure 56(c) "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Furthermore, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. at 324; Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990); Pastore v. Bell Tel. Co. of Pennsylvania, 24 F.3d 508, 511 (3d Cir. 1994) (quoting Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992)).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of any material fact, but the nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in the pleadings.  Celotex Corp., 477 U.S. at 323, 325; Anderson v. Liberty Lobby, Inc., 477 U.S. 248-52 (1986); Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).

To determine whether the nonmoving party has met its burden, the court must focus on both the genuineness and the materiality of the factual issues raised by the nonmovant.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." Anderson, 477 U.S. at 242, 247-48 (emphasis in original). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. Anderson, 477 U.S. at 250. A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson, 477 U.S. at 248. If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). All inferences, however, "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Pastore, 24 F.3d at 512 (quoting Big Apple BMW, Inc. v. BMW of N. America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992)).

### III.   Factual Background

With the standard for summary judgment in mind, the court has compiled from the parties' submissions the following pertinent factual background to the case. Because the issue before the court is narrow, the recital of facts is limited solely to those facts relevant to determining whether the plaintiff exhausted available remedies.

The plaintiff entered FCI-Allenwood on July 17, 2003. (Doc. No. 60, ex.

1, decl. of Michelle Wirth, U.S. Bureau of Prisons ("BOP") legal ass't, at ¶ 3.) Between his entry into FCI-Allenwood and August 2, 2006, the plaintiff filed fifty-five requests for an administrative remedy, fifty-four of which were filed at FCI-Allenwood. (Doc. No. 60, ex. 1 at ¶ 12.) The plaintiff exhausted only seven of the requests, none of which relate to his instant complaint. (Doc. No. 60, ex. 1 at ¶ 13.)

The defendants have identified three requests for an administrative remedy relevant to the plaintiff's complaint. On December 6, 2005, the plaintiff filed request number 397068-F1 concerning inadequate medical care. Defendant Hogsten denied and closed the request on January 5, 2006, and the plaintiff never pursued an appeal. (Doc. No. 60, ex. 1 at ¶¶ 14-15.) On January 19, 2006, the plaintiff filed request number 400915-F1 concerning harassment by a corrections officer. Defendant Hogsten denied and closed the request on February 27, 2006. (Doc. No. 60, ex. 1 at ¶ 16.) The plaintiff appealed the denial to the regional office on March 7, 2006. The regional office rejected the appeal on the same day because the plaintiff failed to comply with procedural requirements. It gave him ten days to properly resubmit the appeal. Instead, on May 22, 2006, the plaintiff appealed to the central office. The central office rejected the appeal because the plaintiff failed to comply with procedural requirements at the regional office level. (Doc. Nos. 36, ex. p & 60, ex. 1 at ¶ 17.) On May 30, 2006, the plaintiff appealed the sanctions imposed at a disciplinary hearing in request number 415019-R1.

The remedy was denied and closed on June 29, 2006. The plaintiff appealed to the central office, which accepted the appeal on July 31, 2006. The appeal remained open as September 14, 2006. (Doc. No. 60, ex. 1 at ¶ 18.)

**IV.   Discussion**

The Prison Litigation Reform Act of 1995 ("PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 29 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, – U.S. –, 2007 WL 135890, at * 8 (Jan. 22, 2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). Exhaustion is an affirmative defense and is determined separately for each claim. Id. at * 8, *15.

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. –, 126 S.Ct. 2378, 2387 (2006). Proper exhaustion requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. at 2384; see id. at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

effectively without imposing some orderly structure on the course of its proceedings."). The "applicable procedural rules" against which exhaustion is measured are the grievance rules established by the prison. Jones, 2007 WL 125890, at * 12; see Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."). A prisoner must exhaust his claims before seeking relief in Federal court. Nyhuis v. Reno, 204 F.3d 65, 78 n.12 (3d Cir. 2000).

The BOP has a four-step process for addressing a prisoner's grievance. See 28 C.F.R. § 542.10 et seq. First, the prisoner generally must attempt to informally resolve the problem with the prison's staff. Id. § 542.13(a). Second, if the informal attempt fails, the prisoner may file a formal request for administrative remedy with the appropriate prison staff member, generally within twenty days of the event giving rise to the grievance. Id. § 542.14. Third, if the warden denies the request, the prisoner may appeal to the regional director, generally within twenty days of the warden's decision. Id. § 542.15(a). Finally, if the regional director denies the intermediate appeal, the prisoner may finally appeal to the general counsel of the central office, generally within thirty days of the regional director's decision. Id. At each level, the prisoner must submit the signed and dated request on the appropriate form and include a copy of the filings and responses below Id. §§542.14(c), 542.15(b)(1).

Here, the defendants have presented ample evidence that the plaintiff

7

has failed to properly exhaust his administrative remedies on each of his claims. The plaintiff has presented no credible evidence sufficient to rebut the defendants' evidence. In support of his allegations that the defendants impeded his ability to file grievances, the plaintiff has submitted various grievances, prison responses to the grievances, appeals, and responses to the appeals. However, in every instance, these are first- or second-level grievances and appeals. There is no record that a single one of these requests was appealed to final level review.

In addition to the purported evidence of impediment, the plaintiff proffered bald allegations that the defendants impeded his efforts to file grievances. He argues:

> A segregate prisoner is denied access to the court when a meritorious legal claim he whished to present to the court is blocked, due to some inadequacy in the administration legal assistance program or when the administration refuse to the inmate to let him use the law library as my situation.

(Doc. No. 58 at 2.) The court cannot credit the plaintiff's unsubstantiated claims. There is absolutely no evidence in the record that the defendants somehow prevented him from pursuing his rights through the Bureau of Prison's administrative remedy process. Indeed, the record supports the view that the plaintiff was able to exercise his grievance rights regularly, but he seldom completed the process. Accordingly, the court finds that the plaintiff failed to properly exhaust his requests for administrative remedies by pursuing them to final appeal and his failure was not the result of any impediment by

the defendants or others at FCI-Allenwood.

**V.     Conclusion**

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the defendants' motion for summary judgment be **GRANTED** and the plaintiff's complaint be **DISMISSED** for failure to exhaust remedies.

s/  Malachy E. Mannion
MALACHY E. MANNION
United States Magistrate Judge

Date: January 23, 2007
O:\shared\REPORTS\2006 Reports\06-0490.01.wpd